1 | CATHERINE CORTEZ MASTO
Attorney General for the State of Nevada
2 | WILLIAM FREY
Senior Deputy Attorney General
3 | Nevada Bar No. 4266
100 N. Carson Street
4 | Carson City, Nevada 89701
Tele: (775) 684-1229
5 | Fax:  (775) 684-1103
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, DIVISION OF ENVIRONMENTAL PROTECTION, BUREAU OF CORRECTIVE ACTIONS,

　　　　　Plaintiff,

MARYLAND SQUARE SHOPPING CENTER, LLC, a Nevada limited liability company and IRWIN KISHNER, JERRY ENGEL and BANK of AMERICA N.A., as co-trustees of the HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC, a Nevada limited liability company , MELVIN SHAPIRO and PHILIP SHAPIRO, individually and doing business individually and/or as a general partner of "AL PHILLIPS THE CLEANER" or "AL PHILLIPS THE CLEANER, INC.," estate of PHILIP SHAPIRO, deceased, SHAPIRO BROS. INVESTMENT CORPORATION, a dissolved Nevada corporation, AL PHILLIPS THE CLEANERS, INC., a dissolved corporation (Corporation no. 745-1965), AL PHILLIPS THE CLEANERS, INC., a dissolved corporation  (Corporation no. 11-71),

　　　　　Defendants.

Case No.

**COMPLAINT FOR:**

(1) COST RECOVERY PURSUANT TO SECTION 107(a), COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT ("CERCLA");

(2) DECLARATORY RELIEF PURSUANT TO CERCLA;

(3) COST RECOVERY PURSUANT TO NRS 459.537; and

(4) INJUNCTIVE RELIEF PURSUANT TO NRS 445A.695.

COMES NOW Plaintiff State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Corrective Actions (hereinafter

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

"State of Nevada" or "Division"), by and through counsel, Catherine Cortez Masto, Attorney General for the State of Nevada, and William Frey, Senior Deputy Attorney General, and alleges against Defendants and each of them, as follows:

## NATURE OF ACTION AND JURISDICTION

1.  This is a civil action instituted by the Division for cost recovery and injunctive relief as a result of releases of tetrachloroethylene, or perchloroethylene (hereinafter "PCE"), to soil and groundwater from the former site of an Al Phillips the Cleaner dry cleaning business located at 3661 South Maryland Parkway, Las Vegas, Nevada (hereinafter "former APTC property").  Authority to bring this action is vested with the Attorney General of the State of Nevada by Nevada Revised Statutes ("NRS") 445A.670 and 459.537.  In this action, the Division is asserting claims for cost recovery and declaratory relief pursuant to Section 107 of CERCLA the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. Section 9607, and claims arising under sections 445A.675, 445A.695, 445A.700 and 459.537 of the NRS for cost recovery and injunctive relief.  In addition to the claims asserted in this Complaint, Plaintiff has given notice of intent to bring claims under Section 7002(a) of the Resource Conservation and Recovery Act, 42 U.S.C. Section 6972(a), against Defendants.  Plaintiff intends to seek leave to amend this Complaint to assert claims under RCRA as part of this action.

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331 and Section 113(b) of CERCLA, 42 U.S.C. Section 9613(b), with respect to the claims arising under CERCLA.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 with respect to the claims arising under the NRS.

3.  Venue in this Court is proper pursuant to Section 113(b) of CERCLA, 42 U.S.C. Section 9613(b), and 28 U.S.C. Section 1391(b), because the real property that is the subject of this action is located within this district.

///
///
///

## PARTIES

4. Plaintiff is the State of Nevada.

5. Department of Conservation and Natural Resources, Division of Environmental Protection ("Division") by and through the Division, which has incurred and is continuing to incur costs related to an environmental investigation and the implementation of mitigation actions deemed necessary to protect human health and the environment with respect to the former APTC property, as further described below.

6. The Division has the power and duty to administer and enforce the provisions of NRS 445A.300–445A.730 (Nevada Water Pollution Law) and NRS 459.400-459.600 (Disposal of Hazardous Waste) inclusive; all rules, regulations, and standards promulgated by the State Environmental Commission; and all orders and permits promulgated by the Department of Conservation and Natural Resources, under authority of NRS 445A.445 (1), NRS 445A.824 (1), and NRS 459.470-459.480. The Division is authorized by NRS 445A.675 and 459.537 to make findings, issue orders, and commence civil actions

7. Defendants Irwin Kishner, Jerry Engel, and Bank of America N.A. are the duly appointed and acting co-trustees of the Herman Kishner Trust, which was created by a declaration of trust dated October 17, 1969, by Herman Kishner, as trustor (the "Herman Kishner Trust").

8. Defendant Maryland Square Shopping Center, LLC ("MSSC") is a limited liability company organized and existing under the laws of the State of Nevada.

9. Defendant Maryland Square, LLC ("MS") is a limited liability company organized and existing under the laws of the State of Nevada.

10. Plaintiff is informed and believes, and on that basis alleges, that Defendant Melvin Shapiro is an individual who resides in the State of Nevada and who, at certain times relevant to this action, conducted business individually and/or as a general partnership under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc.," and/or was an officer, director and shareholder of and controlled corporate entities named "Al Phillips The Cleaners, Inc." that were formed in the State of Nevada and are now dissolved. Plaintiff is

further informed and believes and on that basis allege, that Defendant Philip Shapiro was an individual who is now deceased, and who at certain times relevant to this action, conducted business individually and/or as a general partnership under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc.," and/or was an officer, director and shareholder of and controlled corporate entities named "Al Phillips The Cleaners, Inc." that were formed in the State of Nevada and are now dissolved, and that the Estate of Philip Shapiro is liable to Plaintiff with respect to and to the extent of the obligations of Philip Shapiro.  Each and every reference below to "Philip Shapiro" means and includes both Philip Shapiro and the Estate of Philip Shapiro.

11.     Defendant Shapiro Bros. Investment Corp. ("SBIC") is a corporation which was formed under the laws of the State of Nevada in or about 1972 and which was dissolved in 1984, defendant Al Phillips The Cleaners, Inc. (Corporate No. 745-1965), a dissolved Nevada corporation ("Al Phillips I"), is a corporation which was formed under the laws of the State of Nevada in or about 1965 and dissolved in 1972 and defendant Al Phillips The Cleaners, Inc. (Corporate No. 11-71), a dissolved Nevada corporation ("Al Phillips II), is a corporation that was formed under the laws of the State of Nevada in or about 1971 and dissolved in 1978.  Plaintiff is informed and believe, and on that basis allege, that SBIC conducted business under the fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc." at certain times relevant to this action and that Defendants Melvin Shapiro and/or Philip Shapiro each assumed or is otherwise the successor to and liable for the obligations and liabilities of SBIC, Al Phillips I and Al Phillips II.  Plaintiff further alleges that Defendants Melvin Shapiro and Philip Shapiro each assumed or is otherwise the successor to and liable for the obligations of any other now-dissolved corporation of which they were shareholders and which was involved in and/or a party to the transactions and leases referenced below.

12.     Defendants, and each of them, are and were at all times relevant herein doing business in Clark County, Nevada and are responsible for compliance with the applicable environmental laws and regulations.

## BACKGROUND

13. PCE is a common dry cleaning solvent and is a hazardous substance as defined by CERCLA and Nevada Administrative Code ("NAC") 445A.3454. The maximum contaminant level, or federal drinking water standard, for PCE in water is 5 micrograms per liter (µg/l) (hereinafter "MCL").

14. An "Al Phillips the Cleaner" commercial dry cleaning business was operated at the former APTC property from 1969 until 2000.

15. Defendants MS, MSSC, and the Herman Kishner Trust and their predecessors in interest each at certain times between 1969 and present owned or own that certain real property commonly known as 3651 to 3681 South Maryland Parkway, Las Vegas, Nevada, including 3661 South Maryland Parkway on which the former APTC property is located.

16. Defendants Melvin Shapiro, Philip Shapiro, SBIC, Al Phillips I and Al Phillips II, and their predecessors and successors in interest, and Al Phillips, The Cleaners, Inc. , a Nevada corporation formed in 1984 ("APTC"), operated a commercial dry cleaning business at the former APTC property between 1969 and 2000.

17. On November 29, 2000, environmental consultants hired by certain Defendants notified the Division of a detection of PCE in groundwater at the former APTC property.

18. Investigations performed by environmental consultants hired by certain Defendants ("Defendants' Investigations") have provided the Division with data that the Division contends demonstrates that PCE was released to soil at the former APTC property and has migrated in groundwater forming a plume of groundwater contamination ("plume"). The plume has expanded beyond the former APTC property, with concentrations greater than the MCL to a distance more than 4,000 feet offsite, to the east of Boulevard Mall at 3528 South Maryland Parkway, underneath a residential neighborhood ("residential neighborhood") and past the Las Vegas National Golf Course property at 1911 E. Desert Inn Road.

19. Defendants' Investigations and investigations performed in 2007 and 2008 by environmental consultants hired by Division have provided data that the Division contends

///

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

demonstrates that, at certain locations within the residential neighborhood, PCE in the plume has volatilized into soil gas in the shallow soil between the water table and the ground surface.

20. The Division provided to Defendants MS, MSSC, and the Herman Kishner Trust and to DCI USA, Inc. on behalf of APTC in a letter dated June 19, 2007, a Notice of Intent that:

    a. the Division intended to expend state funds to address potential human exposures to PCE in the neighborhood between the Boulevard Mall and Las Vegas National Golf Course; and

    b. the Division would seek cost recovery from parties determined to be responsible for releases from the former APTC property.

21. On or about July 7, 2008, APTC, DCI, and their parent companies declared Chapter 11 bankruptcy in the US Bankruptcy Court for the District of Delaware.

22. The Division sent a letter dated August 28, 2008 to Defendants MS, MSSC, and the Herman Kishner Trust that stated:

    a. the Division had expended approximately $160,000 to determine whether PCE posed a potential human exposure in the neighborhood between the Boulevard Mall and Las Vegas National Golf Course;

    b. the Division intended to expend additional state funds to address human exposures to PCE; and

    c. The Division would seek cost recovery from parties determined to be responsible for releases of contaminants from the former APTC property.

23. Concentrations of PCE in the groundwater plume continue to be present at concentrations greater than 1,000 µg/l at some locations underneath the residential neighborhood, which is more than 200 times the MCL. This is a significant degradation of waters of the state. Addressing the contamination will require an assessment of the extent and magnitude of the contamination, completion of a feasibility study, risk assessment and

pilot testing for a groundwater cleanup remedy, the design and implementation of a remedy to clean up groundwater and PCE-contaminated soils at the former APTC property, and provisions for maintenance and repair of mitigation systems installed by the Division in certain residences located above the sub-surface plume.  As of January 22, 2009, the Division has incurred costs of $265,623.50 in responding to the potential human exposure to PCE resulting from releases from the former APTC property and in addressing the presence and remediation of the plume.  The Division also will in the future incur additional costs to investigate and remediate releases from the former APTC property.

**FIRST CLAIM FOR RELIEF**
(For Cost Recovery under Section 107 of CERCLA)

24.  Plaintiff incorporates by reference, as though fully set forth herein, all of the allegations of Paragraphs 1 to 23.

25.  PCE and other chemicals detected in the plume are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. Section 9601(14).

26.  The former APTC property at which the releases and threatened releases described in this Complaint occurred (the "Site") constitutes a "facility" within the meaning of Sections 101(22) and 101(9) of CERCLA, 42 U.S.C. Sections 9601(22) and 9601(9).

27.  Each of the Defendants is a "person" as such term is defined in Section 101(21) of CERCLA, 42 U.S.C. Section 9601(21).

28.  Each of the Defendants is a liable party within the meaning of Section 107(a) of CERCLA, 42 U.S.C. Section 9607(a), with respect to the Site.

29.  Releases and threatened releases of hazardous substances into the environment within the meaning of Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. Sections 9601(14) and (22) and Section 9607(a), have occurred at and from the Site.

30.  As a result of such releases, Plaintiff has incurred and is continuing to incur costs of response within the meaning of sections 101(23) to (25) of CERCLA, 42 U.S.C. Sections 9601(23) and (25).  All response costs have been incurred by Plaintiff in a manner
///

that satisfies the requirements of section 107(a)(4), 42 U.S.C. Section 9607(a)(4), in that the underlying activities are not inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 400.

**SECOND CLAIM FOR RELIEF**
(For Declaratory Relief under CERCLA)

31. Plaintiff incorporates by reference, as though fully set forth herein, all of the allegations of Paragraphs 1 to 23 and 25 to 30.

32. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. Section 9613(g)(2), Plaintiff is entitled to a declaratory judgment that Defendants are jointly and severally liable for any further costs of response incurred in response to the releases or threatened releases of PCE and other hazardous substances at the Site which are not inconsistent with the applicable requirements of the National Contingency Plan.

**THIRD CLAIM FOR RELIEF**
(For Cost Recovery under NRS)

33. The Division incorporates by reference, as though fully set forth herein, all the allegations of Paragraphs 1 to 23.

34. Defendants, and each of them, meet the definition of an owner or operator of the former APTC property, as those terms are defined at NAC 445A.2265 and 445A.22655.

35. NRS 445A.465 states in relevant parts:

> 1. Except as authorized by a permit issued by the Department pursuant to the provisions of NRS 445A.300 to 445A.730, inclusive, and regulations adopted by the Commission, it is unlawful for any person to:
>  d. Allow a pollutant discharged from a point source or fluids injected through a well to remain in a place where the pollutant or fluids could be carried into the waters of the State by any means.

36. NRS 445A.675 provides that the Division may commence a civil action.

37. The Division may respond to a leak, spill, or accident using funds from the Account for Hazardous Waste Management pursuant to NRS 459.537.

38. The Division must pursue recovery of costs incurred in responding to a leak, spill, or accident from any person who is responsible for the accident, leak, or spill, or who

owns or controls the hazardous waste, hazardous material or a regulated substance, or the area used for the disposal of the waste, material, or substance pursuant to NRS 459.537.

39. The Division has incurred and is continuing to incur costs to address releases and threatened releases of PCE from the former APTC property for which Defendants, and each of them, are liable.

40. The Division requests reimbursement of such costs from Defendants, and each of them, as provided by NRS 459.537.

### FOURTH CLAIM FOR RELIEF
(For Injunctive Relief under NRS 445A.695)

41. The Division incorporates by reference as though fully set herein, all the allegations of Paragraphs 1 to 23, 34, and 36.

42. The Division may pursue injunctive relief pursuant to NRS 445A.695. NAC 445A.2269 states in relevant parts:

> 1. Except as authorized provided in this section, if the owner or operator of a facility, or his designated agent, is required to give notice of a release pursuant to NAC 445A.345 to 445A.348, inclusive, the Division shall require the owner operator to conduct an assessment of the condition of the soil or water, or both, to determine the extent and magnitude of the contamination.
> 2. An assessment conducted pursuant to subsection 1 must:
>   a. Identify the relevant pathways specifically related to the site that affect public health and the environment; and
>   b. Be approved by the Division.

43. NAC 445A.22695 provides that an owner or operator shall immediately take any action necessary to mitigate and abate imminent and substantial hazards to public health or safety created by the release of a hazardous substance, hazardous waste, or regulated substance.

44. NAC 445A.22725 provides that the Director may require an owner or operator to take corrective action if the release contaminates groundwater and the level of contamination exceeds the action level established by NAC 445A.22735, including pursuant to NAC 445A.2273, requiring such an owner or operator to submit to the Division a plan and schedule for completing the corrective action.

45. By allowing PCE, a pollutant, to remain in place in the soil and groundwater, Defendants, and each of them, are in violation of NRS 445A.465.

46. The Division is entitled to an injunctive relief with no requirement of establishing a lack of an adequate remedy for irreparable harm, pursuant to NRS 445A.695.

47. The Division requests a mandatory injunction requiring Defendants, and each of them, to: complete an assessment of the extent and magnitude of the contamination resulting from releases from the former APTC property that is approved by the Division; monitor groundwater; submit timely reports; submit a corrective action plan for soil and groundwater; and implement the corrective action plan approved by the Division or as approved by the Division with modification.

**WHEREFORE,** Plaintiff prays for the following relief:

1. On the First Claim for Relief, for recovery of costs of response pursuant to Section 107(a) of CERCLA.
2. On the Second Claim for Relief, for a declaratory judgment regarding the obligations of others to fund costs incurred in the future;
3. On the Third Claim for Relief, for payment of past and future costs incurred by the Division, as provided for by NRS 459.537; and
4. On the Fourth Claim for Relief, for a mandatory injunction requiring Defendants to:
    a. resume a schedule for quarterly groundwater monitoring of all Site-related wells, following the schedule set forth in Division letter dated March 1, 2007, or otherwise quarterly;
    b. complete an assessment of the extent and magnitude of contamination, as deemed necessary by the Division;
    c. complete a feasibility study, risk assessment and pilot testing for a groundwater cleanup remedy, as deemed necessary and approved by the Division;

///

      d.    design and implement a remedy to clean up PCE-contaminated groundwater, at a location upgradient of the residential neighborhood, as deemed necessary and approved by the Division;

      e.    design and implement a remedy for cleanup of PCE-contaminated soils at the former APTC property; and

      f.    perform maintenance and repair of home mitigation systems installed by the Division.

5. For reasonable costs and attorneys' fees.

6. For such further relief as the Court may deem just and proper.

DATED this 4th day of May, 2009.

                                          CATHERINE CORTEZ MASTO
                                          Attorney General

                                  By:   /s/ William Frey
                                          WILLIAM FREY
                                          Senior Deputy Attorney General
                                          Nevada Bar No. 4266
                                          100 North Carson Street
                                          Carson City, Nevada 89701-4717
                                          *Attorneys for Plaintiff,*
                                          *Division of Environmental Protection*

**Attorney General's Office**
100 N. Carson Street
Carson City, Nevada 89701-4717