MARQUIS & AURBACH
JASON M. GERBER, ESQ.
jgerber@marquisaurbach.com
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, NV 89145
Telephone: (702) 821-2427
Facsimile: (702) 856-8914

DONGELL LAWRENCE FINNEY LLP
MICHAEL C. HETEY, ESQ.
mhetey@dlflawyers.com
Nevada Bar No. 5668
RICHARD A. DONGELL, ESQ. (Pro Hac Vice)
rdongell@dlflawyers.com
THOMAS F. VANDENBURG, ESQ. (Pro Hac Vice)
tvandenburg@dlflawyers.com
MICHAEL E. GALLAGHER, ESQ. (Pro Hac Vice)
mgallagher@dlflawyers.com
2300 West Sahara Ave., Suite 800
Las Vegas, NV 89102
Phone: (702) 856-4558
Fax: (702) 856-4301

Attorneys for Defendants Maryland Square Shopping Center, LLC,
the Herman Kishner Trust dba Maryland Square Shopping Center,
Irwin Kishner, Jerry Engel, Bank of America, as Trustees for
The Herman Kishner Trust, and Maryland Square, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, DIVISION OF ENVIRONMENTAL PROTECTION, BUREAU OF CORRECTIVE ACTIONS,<br><br>Plaintiffs,<br><br>vs.<br><br>MARYLAND SQUARE SHOPPING CENTER, LLC, a Nevada limited liability company and IRWIN KISHNER, JERRY ENGEL and BANK OF AMERICA N.A., as co-trustees of the HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC, a Nevada limited liability company, MELVIN SHAPIRO and PHILIP SHAPIRO, individually and doing business individually and/or as a general partner of "AL PHILLIPS THE CLEANER" or "AL PHILLIPS THE CLEANER, INC.," estate of PHILIP SHAPIRO, deceased, SHAPIRO BROS. | Case No.: 3:09-cv-231<br><br>**MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, AND MARYLAND SQUARE, LLC'S ANSWER TO COMPLAINT** |

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

INVESTMENT CORPORATION, a dissolved Nevada corporation, AL PHILLIPS THE CLEANERS, INC., a dissolved corporation (Corporation no. 745-1965), AL PHILLIPS THE CLEANERS, INC., a dissolved corporation (Corporation no. 11-71),

Defendants.

Maryland Square Shopping Center, LLC, The Herman Kishner Trust dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank Of America, as Trustees for the Herman Kishner Trust, and Maryland Square, LLC's Defendant, by and through their attorneys of record, the law firm of Marquis & Aurbach and the law firm of Dongell Lawrence Finney LLP, hereby answer and allege as follows:

## GENERAL ALLEGATIONS

1. In answering Paragraph 1 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

2. In answering Paragraph 2 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

3. In answering Paragraph 3 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

4. In answering Paragraph 4 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

5. In answering Paragraph 5 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

6. In answering Paragraph 6 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

7. In answering Paragraph 7 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

. . .

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

8. In answering Paragraph 8 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

9. In answering Paragraph 9 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

10. In answering Paragraph 10 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

11. In answering Paragraph 11 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

12. In answering Paragraph 12 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

13. In answering Paragraph 13 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

14. In answering Paragraph 14 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

15. In answering Paragraph 15 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

16. In answering Paragraph 16 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

17. In answering Paragraph 17 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

18. In answering Paragraph 18 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

19. In answering Paragraph 19 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

20. In answering Paragraph 20 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

21. In answering Paragraph 21 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

22. In answering Paragraph 22 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

23. In answering Paragraph 23 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

24. In responding to Paragraph 24 of Plaintiff's Complaint, these answering Defendants repeat, reallege, and incorporate the responses to the allegations in paragraphs 1-23 of Plaintiff's Complaint as if fully set forth herein.

25. In answering Paragraph 25 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

26. In answering Paragraph 26 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

27. In answering Paragraph 27 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

. . .

. . .

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

28. In answering Paragraph 28 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

29. In answering Paragraph 29 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

30. In answering Paragraph 30 of Plaintiff's Complaint, these answering Defendants deny the allegations contained therein.

31. In responding to Paragraph 31 of Plaintiff's Complaint, these answering Defendants repeat, reallege, and incorporate the responses to the allegations in paragraphs 1-30 of Plaintiff's Complaint as if fully set forth herein.

32. In answering Paragraph 32 of Plaintiff's Complaint, these answering Defendants deny the allegations contained therein.

33. In responding to Paragraph 33 of Plaintiff's Complaint, these answering Defendants repeat, reallege, and incorporate the responses to the allegations in paragraphs 1-32 of Plaintiff's Complaint as if fully set forth herein.

34. In answering Paragraph 34 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

35. In answering Paragraph 35 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

36. In answering Paragraph 36 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

37. In answering Paragraph 37 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

38. In answering Paragraph 38 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

. . .

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

39. In answering Paragraph 39 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

40. In answering Paragraph 40 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

41. In responding to Paragraph 41 of Plaintiff's Complaint, these answering Defendants repeat, reallege, and incorporate the responses to the allegations in paragraphs 1-40 of Plaintiff's Complaint as if fully set forth herein.

42. In answering Paragraph 42 of Plaintiff's Complaint, these answering Defendants admit the allegations contained therein.

43. In answering Paragraph 43 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

44. In answering Paragraph 44 of Plaintiff's Complaint, these answering Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

45. In answering Paragraph 45 of Plaintiff's Complaint, these answering Defendants deny the allegations contained therein.

46. In answering Paragraph 46 of Plaintiff's Complaint, these answering Defendants deny the allegations contained therein.

47. In answering Paragraph 47 of Plaintiff's Complaint, these answering Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The alleged presence of a substance under the citizens' properties and any alleged damage resulting therefrom were caused solely by (i) an act of God; (ii) a third party or (iii) any combination of the foregoing.

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by any applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join all indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived any and all of the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting any and all of the claims alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's purported claims for relief against these answering Defendants are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to this action, these answering Defendants acted with due care and in accordance with all then-applicable statutory and regulatory requirements.

## NINTH AFFIRMATIVE DEFENSE

These answering Defendants allege that they have satisfied, fulfilled and performed each and every obligation and duty imposed by law to the full extent of its responsibility as a property owner.

## TENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that any obligation they owed to Plaintiff has been satisfied, released, or otherwise discharged to present.

## ELEVENTH AFFIRMATIVE DEFENSE

These answering Defendants' status as a property owner is not sufficient to impose any liability.

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

## TWELFTH AFFIRMATIVE DEFENSE

These answering Defendants allege and reserve any and all defenses available.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were wholly or partly caused or contributed to by Plaintiff's own actions, conduct and/or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any and all damages were wholly or partly caused by the acts, conduct and/or omissions by third parties over whom these answering Defendants had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

These answering Defendants are not negligent, liable or responsible for any claims or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or failed to mitigate its damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

These answering Defendants owe no duties or obligations to the Plaintiff due to its substantial and material breach of its duties and obligations to these answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any and all liability is several and must be allocated and/or reduced by the liability of other responsible parties pursuant to Burlington Northern & Santa Fe Railway Co. v. United States, No. 07-1601, 556 U.S. ____ (2009).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff breached their duties and responsibilities to these answering Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

These answering Defendants owe no duty to indemnify the Plaintiff from the claims alleged by the Plaintiff.

These answering Defendants reserve the right to amend these affirmative defenses as discovery unfolds and new information is discovered.

. . .

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

WHEREFORE, these answering Defendants pray for judgment as follows:

1. That Plaintiff take nothing by virtue of its Complaint on file herein, that the same be dismissed with prejudice;

2. For an award of reasonable attorney fees and costs of suit incurred in the defense of this action; and

3. For such other and further relief as the Court may deem just and proper

DATED: This 18th day of March, 2010.

        Respectfully submitted by:

        MARQUIS & AURBACH

        By:/s/ Jason M. Gerber_____
         JASON M. GERBER, ESQ.
         Nevada Bar No. 9812
         10001 Park Run Drive
         Las Vegas, Nevada 89145

        DONGELL LAWRENCE FINNEY LLP
        MICHAEL C. HETEY, ESQ.
        mhetey@dlflawyers.com
        Nevada Bar No. 5668
        RICHARD A. DONGELL, ESQ.
        (Pro Hac Vice)
        THOMAS F. VANDENBURG, ESQ.
        (Pro Hac Vice)
        MICHAEL E. GALLAGHER, ESQ.
        (Pro Hac Vice)
        mgallagher@dlflawyers.com
        2300 West Sahara Ave., Suite 800
        Las Vegas, NV 89102
        Phone: (702) 856-4558
        Fax: (702) 856-4301

        Attorneys for Defendants
        Maryland Square Shopping Center, LLC,
        the Herman Kishner Trust dba Maryland Square
        Shopping Center, Irwin Kishner, Jerry Engel,
        Bank of America, as Trustees for The Herman
        Kishner Trust, and Maryland Square, LLC

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM

# NOTICE OF ELECTRONIC SERVICE
# PROOF OF SERVICE

STATE OF NEVADA, COUNTY OF CLARK

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action; my business address is 10001 Park Run Drive, Las Vegas, NV 89145.

On March 18, 2010, the foregoing documents described as MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, AND MARYLAND SQUARE, LLC'S AMENDED ANSWER TO COMPLAINT was served upon the parties in this action as set forth below:

| | |
|---|---|
| Catherine Cortez Masto, Esq.<br>William Frey, Esq.<br>100 N. Carson Street<br>Carson City, NV 89701<br>Attorney for Plaintiff | Jeremy Gilman, Esq.<br>BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114-2378<br>*Attorney for Defendants MELVIN SHAPIRO, Individually, and SHAPIRO BROS. INVESTMENT CO., a dissolved Nevada corporation* |

[ X ] Electronically in accordance with United States District Court of the District of Nevada Electronic Filing Procedures, Section IV Service, B. Electronic Service.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 18, 2010, at Las Vegas, Nevada. Under penalty of perjury under the laws of the State of Nevada I declare the aforesaid to be true and correct.

Roxanne Minnick
An Employee of Marquis & Aurbach

M&A:04385-043 1005013_1.DOC 3/18/2010 3:40 PM