1  MARQUIS & AURBACH
   JASON M. GERBER, ESQ.
2  jgerber@marquisaurbach.com
   Nevada Bar No. 9812
3  10001 Park Run Drive
   Las Vegas, NV 89145
4  Telephone: (702) 821-2427
   Facsimile:  (702) 856-8914
5
   DONGELL LAWRENCE FINNEY LLP
6  MICHAEL C. HETEY, ESQ.
   mhetey@dlflawyers.com
7  Nevada Bar No. 5668
   RICHARD A. DONGELL, ESQ. (Pro Hac Vice)
8  rdongell@dlflawyers.com
   THOMAS F. VANDENBURG, ESQ. (Pro Hac Vice)
9  tvandenburg@dlflawyers.com
   MICHAEL E. GALLAGHER, ESQ. (Pro Hac Vice)
10 mgallagher@dlflawyers.com
   2300 West Sahara Ave., Suite 800
11 Las Vegas, NV 89102
   Phone: (702) 856-4558
12 Fax: (702) 856-4301

13 Attorneys for Defendants Maryland
   Square Shopping Center, LLC,
14 the Herman Kishner Trust dba
   Maryland Square Shopping Center,
15 Irwin Kishner, Jerry Engel,
   Bank of America, as Trustees for
16 The Herman Kishner Trust,
   and Maryland Square, LLC

*(Left margin, vertical text:)* MARQUIS & AURBACH  10001 Park Run Drive  Las Vegas, Nevada 89145  (702) 382-0711 FAX: (702) 382-5816

17

18                    **UNITED STATES DISTRICT COURT**

19                          **DISTRICT OF NEVADA**

20 | STATE OF NEVADA, DEPARTMENT OF | Case No.:     3:09-cv-231 |
   | CONSERVATION AND NATURAL | |

21 | RESOURCES, DIVISION OF | |
   | ENVIRONMENTAL PROTECTION, BUREAU | **MARYLAND SQUARE SHOPPING** |

22 | OF CORRECTIVE ACTIONS, | **CENTER, LLC, THE HERMAN KISHNER** |
   | | **TRUST DBA MARYLAND SQUARE** |

23 |                     Plaintiffs, | **SHOPPING CENTER, IRWIN KISHNER,** |
   |          vs. | **JERRY ENGEL, BANK OF AMERICA, AS** |

24 | | **TRUSTEES FOR THE HERMAN** |
   | MARYLAND SQUARE SHOPPING CENTER, | **KISHNER TRUST, AND MARYLAND** |

25 | LLC, a Nevada limited liability company and | **SQUARE, LLC'S THIRD PARTY** |
   | IRWIN KISHNER, JERRY ENGEL and BANK | **COMPLAINT** |

26 | OF AMERICA N.A., as co-trustees of the | |
   | HERMAN KISHNER TRUST, MARYLAND | |

27 | SQUARE, LLC, a Nevada limited liability | |
   | company and MELVIN SHAPIRO and PHILIP | |

28 | SHAPIRO, individually and doing business | |
   | individually and/or as a general partner of "AL | |

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

PHILLIPS THE CLEANER" or "AL PHILLIPS THE CLEANER, INC.," estate of PHILIP SHAPIRO, deceased, SHAPIRO BROS. INVESTMENT CORPORATION, a dissolved Nevada corporation, AL PHILLIPS THE CLEANERS, INC., a dissolved corporation (Corporation no. 745-1965), AL PHILLIPS THE CLEANERS, INC., a dissolved corporation (Corporation no. 11-71),

Defendants.

MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC AND THE CLARK COUNTY SCHOOL DISTRICT,

Third Party Plaintiffs,

vs.

MELVIN SHAPIRO and PHILIP SHAPIRO, individually and doing business individually and/or as a general partner of "AL PHILLIPS THE CLEANER" or "AL PHILLIPS THE CLEANER, INC.," estate of PHILIP SHAPIRO, deceased, SHAPIRO BROS. INVESTMENT CORPORATION, a dissolved Nevada corporation, GENERAL GROWTH MANAGEMENT, INC., a foreign corporation; BOULEVARD MALL, LLC, a foreign limited liability company; SEARS ROEBUCK & CO., a foreign corporation; GOODYEAR TIRE & RUBBER CO., a foreign corporation; WIENS PROPERTIES, LLC, a Nevada Limited Liability Company; TERRIBLE HERBST, INC., a Nevada corporation, SUPERIOR TIRE, INC., a dissolved Nevada corporation, DR. CLEAN MANAGEMENT, INC., a revoked Nevada corporation, HAR TEO CHYE, an individual, CONSTRUCTION WHOLESALERS INC, an unknown businesses entity, MS Partnership, a partnership, 1195 E DESERT INN ROAD, LLC, a Nevada Limited Liability Company, DAQUIGAN WAYNE, an individual, THE HOYT CORPORATION, a Maryland corporation, BOWE PERMAC, INC., a Texas corporation, and GOSS-JEWETT & CO., a suspended California corporation.

Third Party Defendants.

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

### THIRD PARTY COMPLAINT

Defendants/Third Party Plaintiffs Maryland Square Shopping Center, LLC, the Herman Kishner Trust, dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustees for The Herman Kishner Trust, and Maryland Square, LLC, through the law firm of Marquis & Aurbach, hereby file their Third Party Complaint.

### JURISDICTION AND VENUE

1.      The Third Party Plaintiffs' claims against the Third Party Defendants arise out of alleged environmental contamination commonly known as the Maryland Square PCE plume east of South Maryland Parkway in Las Vegas, Nevada.

2.      This action primarily arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9607.  The Federal Courts have original jurisdiction over all civil actions arising out of the Constitution, laws or treaties of the United States.  28 U.S.C. §1331 and 42 U.S.C. §9613(b), §113(b).

3.      This court has supplemental jurisdiction over any and all state claims raised in this Third Party Complaint pursuant to 28 U.S.C. § 1367. The federal and state claims alleged herein are based on the same set of operative facts. Judicial economy, convenience and fairness to the parties will all result if this Court assumes and exercises jurisdiction over the state claims.

4.      Pursuant to 28 U.S.C. § 1391(b), 33 U.S.C. §1365(c)(1) and 42 U.S.C. §§ 9613, 6972(a), venue lies in this district as the acts, operations, facilities and real property at issue in this dispute occurred and are located within this District.

5.      Venue is appropriate in this district as all the Third Party Defendants provided equipment, materials and/or services to this district.

6.      Further, venue is appropriate because all Third Party Defendants maintained contact with this district such that it is fair and reasonable to maintain this action.

### THE PARTIES

7.      Plaintiff is the State of Nevada, Department of Conservation and Natural Resources, Division of Environmental Protection, Bureau of Correction Actions (the "NDEP").

. . .

8.   Irwin Kishner, Jerry Engel and Bank of American, N.A. are the duly appointed and acting co-trustees of the Herman Kishner Trust, which was created by Declaration of Trust dated October 17, 1969 by Herman Kishner as Trustor.

9.   Maryland Square Shopping Center Limited Liability Company is a limited liability company organized and existing under the law of the State of Nevada.

10.   Maryland Square Limited Liability Company is a limited liability company organized and existing under the laws of the State of Nevada.

11.   Irwin Kishner, Jerry Engel, Bank of America, N.A., Maryland Square Shopping Center Limited Liability Company, and Maryland Square Limited Liability Company each at certain times owned certain real property commonly known 3651 to 3681 South Maryland Parkway, Las Vegas, Nevada, on which a shopping center was located (the "Maryland Square Property").

12.   Maryland Square Shopping Center, LLC, the Herman Kishner Trust dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustees for The Herman Kishner Trust, and Maryland Square, LLC will be collectively referred to throughout this Third Party Complaint as the "Maryland Square Parties."

13.   The Maryland Square parties are informed and believe and on that basis alleged Defendants Melvin Shapiro and Phillip Shapiro and he Estate of Phillip Shapiro each are individuals residing in the State of California who at certain times relevant to this action conducted business individually and/or as a general partnership under fictitious names "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc."

14.   Defendant Shapiro Brothers Investment Corp. is a corporation which was formed under the laws of the State of Nevada in or about 1972 and which was dissolved in 1984.

15.   The Maryland Square Parties are informed and believe, and on that basis allege, that Shapiro Brothers Investment Corp. conducted business under the fictitious name "Al Phillips The Cleaner" and/or "Al Phillips The Cleaner, Inc." at certain times relevant to this action and that Counter-Defendants Melvin Shapiro and/or Phillip Shapiro each assumed or is otherwise a successor to and liable for the obligations and liabilities of Shapiro Brothers Investment Corp.

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

16.     Phillip Shapiro, Melvin Shapiro and Shapiro Brothers Investment Corp. will be referred to collectively as "the Shapiro Defendants."

17.     General Growth Management, Inc. is a foreign corporation authorized to and doing business in Clark County, Nevada.

18.     Boulevard Mall, LLC is a foreign limited liability company authorized to and doing business in Clark County, Nevada.

19.     General Growth Management, Inc. and Boulevard Mall, LLC will be referred to throughout this Third Party Complaint collectively as "Boulevard Mall Defendants."

20.     Sears Roebuck & Co. is a foreign corporation authorized to and doing business in Clark County, Nevada.

21.     Goodyear Tire & Rubber Co. ("Goodyear") is a foreign corporation authorized to and doing business in Clark County, Nevada.

22.     Wiens Properties, LLC is a Nevada Limited Liability Company authorized to and doing business in Clark County, Nevada.

23.     Terrible Herbst, Inc. is a Nevada corporation authorized to and doing business in Clark County, Nevada.

24.     Superior Tire, Inc. is a dissolved Nevada corporation that previously performed business in Clark County, Nevada.

25.     Har Teo Chye, is an individual residing or doing business in Clarke County Nevada.

26.     Construction Wholesalers, Inc, is a business entity of unknown origin doing business in Clark County Nevada.

27.     MS Partnership is a partnership authorized to and doing business in Clark County Nevada.

28.     1195 E. Desert Inn Road, LLC, is a Nevada limited liability company authorized to and doing business in Clark County, Nevada.

29.     Daquigan Wayne, is an individual residing in Clark County, Nevada.

. . .

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

30.    Har Teo Chye, Construction Wholesalers, Inc, MS Partnership, 1195 E. Desert Inn Road, LLC and Daquigan Wayne will be referred to collectively as the "Dr. Clean Property Owners."

31.    Dr. Clean Management, Inc. is a revoked Nevada corporation that previously performed business in Clark County, Nevada.

32.    The Hoyt Corporation is a Massachusetts corporation that supplied material and equipment to Las Vegas, Nevada for the purposes of a dry cleaning operation.  Hoyt Corporation established minimum contact with Las Vegas, Nevada through provision and sale of materials and equipment in this jurisdiction.

33.    Bowe Permac, Inc., individually and as successor in interest to Vick Manufacturing Co., Inc.  Bowe Permac, Inc. is a Texas corporation providing materials and equipment to Las Vegas, Nevada.  Bowe Permac established minimum contact with Las Vegas, Nevada through provision and sale of materials and equipment in this jurisdiction.

34.    Goss-Jewett & Co. is a suspended California corporation.    Goss-Jewett established minimum contact with Las Vegas, Nevada through provision and sale of materials and equipment in this jurisdiction.

## GENERAL ALLEGATIONS

35.    This dispute arises from the allegations of the NDEP concerning the presence of a PCE plume in the soil and groundwater in an area extending east of the Maryland Square Property to the Las Vegas National Golf Club ("the site").

36.    NDEP alleges the owners of the Maryland Square Property and the operators of a dry cleaner located on the Maryland Square Property contaminated the groundwater and soil through spills of perchloroethylene ("PCE") during the dry cleaning operation.

37.    NDEP alleges PCE and the other chemical contaminants that may constitute the PCE Plume are hazardous materials.

38.    The Maryland Square Defendants believe the Third Party Defendants are wholly or partially responsible for the PCE or other chemical contamination that may form the plume at the site.

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**THE MARYLAND SQUARE PROPERTY**

39.    Between 1968 and 2001 the Maryland Square Shopping Center included a dry cleaning tenant.

40.    The tenant was owned and operated from 1968 to 1984 by the Shapiro Defendants named in the NDEP's Complaint.

41.    In 1984, the Shapiro Defendants transferred their interests to the Johnson Group and successor entities.  The dry cleaner ceased operations in 2001.

**THE SHAPIRO DEFENDANTS**

42.    In or about 1968, the Shapiro Defendants signed a lease with the Herman Kishner Trust to occupy a location at the Maryland Square Property.

**The Lease**

43.    The 1968 lease was effective through 1981.

44.    The Shapiro Defendants and their predecessors leased and occupied the location beginning in 1968.

45.    The 1968 lease required the Shapiro Defendants to comply with all applicable city, state and Federal laws.

46.    The 1968 lease required the Shapiro Defendants to indemnify and hold the Maryland Square Defendants harmless with respect to all claims arising from any act, omission or negligence on the part of the Shapiro Defendants or their agents.

47.    The 1968 lease required the Shapiro Defendants to hold the Maryland Square Defendants harmless from any accident, injury or damage caused to any person or property and from any costs, expenses and liabilities incurred in connection with any claims.

48.    The 1968 lease includes the right to recover reasonable attorney fees and expenses in an action to enforce the lease terms.

49.    In 1982, the Shapiro Defendants executed a second lease for the premises.

50.    The Shapiro Defendants occupied the premises from 1982 until 1984 when the lease was assigned to Al Phillips The Cleaners, Johnson Group, Inc. and/or DCI USA, Inc.

. . .

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

51.     Pursuant to the terms of the 1982 lease, the Shapiro Defendants agreed to comply with all applicable city, state and federal laws.

52.     In the 1982 lease the Shapiro Defendants agreed to indemnify and hold the Maryland Square Defendants harmless with respect to certain demands and expenses, including attorney fees, arising out of the Shapiro Defendants' negligence, other fault, omission or by reason of any violations of applicable laws, ordinance and regulations.

53.     Pursuant to the 1982 lease, the Shapiro Defendants guaranteed all payments and all performance of any obligations.

**Operations**

54.     Throughout the term of the lease, the Shapiro Defendants operated an on-site dry cleaning facility as the Maryland Square property.

55.     The dry cleaning facility was operated by the Shapiro Defendants between 1968 and 1984.

56.     PCE was used during the dry cleaning operations.

57.     Upon information and belief, the Shapiro Defendants and their agents and employees did not adequately, properly or reasonably handle PCE or PCE waste products during their operations.

58.     Upon information and belief, the Shapiro Defendants, their agents and employees accidentally spilled PCE on numerous occasions.

59.     Upon information and belief, these spills may have contaminated soil and groundwater.

60.     Upon information and belief, the spills of PCE by the Shapiro Defendants, their employees and agents may have caused and/or contributed to the Plume.

61.     Upon information and belief, the Shapiro Defendants, their employees and agents failed to comply with all applicable laws, ordinance and regulations in their operations.

62.     The Shapiro Defendants, therefore, are responsible in whole or in part for the costs incurred by the NDEP.

. . .

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

**MARQUIS & AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### EQUIPMENT SUPPLIERS

63.　　The Shapiro Defendants and the successor entities who operated the dry cleaners used equipment specifically designed for the purposes of dry cleaning operations.

64.　　The equipment used in the dry cleaning facility was provided by certain Third Party Defendants.　Particularly, the equipment was provided by Bowe Permac, Inc. individually and as a successor in interest to Vick Manufacturing Company, Inc., Goss-Jewett & Co. and Hoyt Corporation.　These entities will be referred to collectively as the "Equipment Entities."

65.　　The Equipment Entities supplied the Equipment used in the dry cleaning operations at the Maryland Square Property between 1968 and 2001.

66.　　The equipment used in the dry cleaning operations and supplied by the Equipment Entities did not operate properly.

67.　　The equipment provided by the Equipment Entities was designed improperly.

68.　　The equipment provided by the Equipment Entities was manufactured improperly.

69.　　The Equipment Entities did not take reasonable care in designing the equipment to protect against spills and/or other accidental releases of PCE or other hazardous materials.

70.　　 The Equipment Manufacturers specifically designed the equipment in such a manner that there would be a disposal of hazardous substances in connection with the operation of the relevant machinery, so as to evidence a specific intention that a disposal of hazardous substances would occur.

71.　　As a result the Equipment Entities' failure to properly design and manufacture the equipment, sudden and accidental releases of PCE occurred that may have contributed to the alleged PCE plume.

72.　　As a result of the conduct of the Equipment Supply Entities, the Maryland Square Parties have been harmed.

73.　　The Equipment Entities, therefore, are responsible in whole or in part for the costs incurred by the NDEP.

### THE BOULEVARD MALL SITE

74.　　The Boulevard Mall site lies to the east of the Maryland Square Property.

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

75.     The Boulevard Mall Defendants currently or in the past has had tenants who used PCE or other chemical contaminants in the performance of their operations.   These entities include, but are not limited to, a Sears Automotive Center and/or the Ted Wiens Automotive Center.  These entities will be referred to collectively as "The Boulevard Mall Operators."

76.     Throughout the history of the Boulevard Mall, The Boulevard Mall Operators have used PCE or other hazardous materials in their operations.

77.     Upon information and belief, the Boulevard Mall Operators have spilled or otherwise accidentally discharged PCE or other hazardous materials that may have contributed to the plume alleged by the Plaintiffs.

78.     In 1993, a reported spill at the Ten Wiens Service Center was investigated.

79.     In 1993 and 2000 remediation action at the Sears Automotive Center occurred.

80.     Upon information and belief, the Boulevard Mall Operators released PCE or other chemical contaminants into the soil and groundwater.

81.     Upon information and belief, the release of these contaminants may hazardous materials contributing to the PCE plume alleged by the Plaintiffs.

82.     Upon information and belief, the plume alleged by the Plaintiffs includes a "hotspot" of PCE in the soil and groundwater directly beneath the Boulevard Mall.

83.     The Boulevard Mall Operators failed to take reasonable care in handling PCE and other hazardous materials.

84.     As a result of this failure to act with reasonable care, the Boulevard Mall Operators caused harm.

85.     The Boulevard Mall Defendants were responsible to ensure that the Boulevard Mall Operators handled PCE and other hazardous materials with care.

86.     The Boulevard Mall Defendants failed to act reasonably with regard to its responsibility to ensure its operators handle PCE and other hazardous materials with care.

87.     As a result of this failure, the Boulevard Mall Defendants caused harm.

88.     The Boulevard Mall Defendants, therefore, are responsible in whole or in part for the costs incurred by the NDEP.

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### DR. CLEAN

89.     The Dr. Clean Property Owners own/owned property north of the Maryland Square Site (the "Dr. Clean Location").

90.     The Dr. Clean Property Owners currently or in the past have had tenants who used PCE or other chemical contaminants in the performance of their operations.

91.     Dr. Clean Management, Inc. ("Dr. Clean") operated a dry cleaning facility on and was a tenant of the Dr. Clean Property Owners.

92.     The Dr. Clean location is only blocks away from the Maryland Square Property and the Boulevard Mall.

93.     Dr. Clean used PCE and other hazardous materials in its operations.

94.     On or about 1993, a spill of more than 300 gallons of PCE occurred at the Dr. Clean location.

95.     Upon information and belief, the PCE spill at the Dr. Clean site has contributed to the PCE plume the Plaintiffs allege.

96.     Dr. Clean had a responsibility to act reasonably in handling PCE and other hazardous materials.

97.     Dr. Clean failed in this responsibility.

98.     As a result of this failure, Dr. Clean has caused harm.

99.     Dr. Clean, therefore, is responsible in whole or in part for the costs incurred by the NDEP.

100.    The Dr. Clean Owners were responsible to ensure their tenants handled PCE and other hazardous materials with care.

101.    The Dr. Clean Owners failed in this responsibility.

102.    As a result of this failure, the Dr. Clean Owners have caused harm.

103.    The Dr. Clean Owners, therefore, are responsible in whole or in part for the costs incurred by the NDEP.

. . .

. . .

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## SUPERIOR TIRE, INC.

104.    Superior Tire, Inc. operated an automotive center at 3415 South Maryland Parkway in Las Vegas, Nevada.

105.    Upon information and belief, PCE and other chemical contaminants were used during the operation of Superior Tire, Inc.'s business at this location.

106.    Between 1993 and 1995, hazardous materials leaks were discovered at the Superior Tire location on numerous occasions.

107.    Upon information and belief, the hazardous materials that leaked from the Superior Tire location have contributed to the PCE plume alleged by the Plaintiffs.

108.    Superior Tire, Inc. had a responsibility to properly handle PCE and other hazardous materials with care.  Superior Tire failed in this responsibility as spills and other accidental discharges of hazardous materials occurred at their site.

109.    As a result of this failure, Superior Tire, Inc. caused harm.

110.    Superior Tire, Inc., therefore, is responsible in whole or in part for the costs incurred by the NDEP.

## TERRIBLE HERBST, INC.

111.    Terrible Herbst, Inc. owned the service station known at Terrible #124 at 4090 South Maryland Parkway.

112.    Between 1990 and 2006, hazardous materials releases occurred at the Terrible's #124 site.

113.    The Terrible's #124 site is only blocks way from the Maryland Square Property and the Boulevard Mall.

114.    Upon information and belief, the accidental release of hazardous materials from the Terrible's #124 site contributed to the PCE plume alleged by the Plaintiffs.

115.    Terrible Herbst, Inc. had a responsibility to properly handle PCE and other chemical contaminants with care.

116.    Terrible Herbst failed in this obligation when it allowed accidental spills or releases of hazardous materials.

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

117. As a result of this failure, Terrible Herbst, Inc. caused harm.

## GOODYEAR TIRE & RUBBER CO.

118. A Goodyear operated an Automotive Service Center on Maryland Parkway at or near the Boulevard Mall site.

119. In 1991, a hydrocarbon spill was reported at the Goodyear site.

120. Upon information and belief, the hydrocarbon spill may have contributed to the PCE plume.

121. Upon information and belief, Goodyear had a responsibility to ensure proper handling of PCE and other hydrocarbons.

122. Upon information and belief, Goodyear failed to properly handle PCE and other hydrocarbons.

123. As a result, Goodyear caused harm.

124. Therefore, Goodyear is responsible in whole or in part, for the costs incurred by NDEP.

## FIRST CAUSE OF ACTION
### (Recovery of Response Costs Pursuant to CERCLA §107(a)(1-4)(B) Against All Third Party Defendants )

125. Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

126. Third Party Plaintiffs, who are each a "person" as defined by CERCLA §101(21), 42 U.S.C. §9601(21), have been and currently remain engaged in conducting studies and other activities designed to develop an appropriate response plan for removal and/or remedial action with regard to the released hazardous substances.

127. Third Party Plaintiffs have incurred and will continue to incur substantial response costs in developing and implementing the appropriate response action under the supervision of the NDEP and other appropriate government agencies or as approved by this Court.

128. To date, Third Party Plaintiffs have incurred response costs to characterize the properties, including, but not limited to, soil gas surveys to define possible contamination and

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

1    research to determine groundwater flow direction, all of which is designed to provide adequate

2    information concerning the characterization.  In addition, the Third Party Plaintiffs will incur

3    continuing response costs to complete the characterization in an as yet undetermined amount to

4    address existing and future potential groundwater issues and search for potentially responsible

5    parties.

6    129.    All such response costs incurred and that will be incurred have been and will

7    continue to be necessary and consistent.

8    130.    At all times relevant herein, there were releases or threatened releases of

9    hazardous substances from facilities operated by the Shapiro Defendants, the Boulevard Mall

10   Operators, Ted Wiens Automotive, Superior Tire, Inc., Terrible Herbst and Goodyear.

11   131.    At all times relevant herein, the equipment supply entities provided equipment for

12   operation at the Maryland Square Shopping Center dry cleaner operated by the Shapiro

13   Defendants.

14   132.    The release of hazardous substances from all the facilities have caused and

15   continue to cause response costs.

16   133.    If the allegations in the Plaintiffs' Complaint are true, then the Third Party

17   Defendants, and each of them, are owners, operators, arrangers and/or transporters as described

18   in CERCLA (42 U.S.C. §9607(a)).

19   134.    If the allegations in the Plaintiffs' Complaint are true, then the Third Party

20   Defendants, and each of them, are liable under CERCLA, and the Maryland Square Parties are

21   entitled to contribution from the Third Party Defendants toward any damages, costs, expenses,

22   judgments, settlement sums or penalties that the Maryland Square Parties may be required to

23   pay.

24   135.    Pursuant to 42 U.S.C. §9607(a), the Third Party Defendants are liable to the

25   Plaintiffs for all necessary response costs incurred by the Third Party Plaintiffs in responding to

26   the released hazardous substances.

27   136.    As a direct and proximate cause of the Third Party Defendants' actions, Third

28   Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

137.     Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

### SECOND CAUSE OF ACTION
**(Equitable Indemnity Against All Third Party Defendants)**

138.     Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

139.     In the event liability should be established in this action or any administrative or regulatory action based on the contamination alleged by the NDEP, whose liability is expressly denied, the Maryland Square Parties allege on information and belief that such liability was realized wholly or partly by reason of the conduct of the Third Party Defendants and/or that the Third Party Defendants are jointly and severally responsible for said liability.

140.     The Third Party Defendants are, therefore, bound and obligated to defend, indemnify and hold harmless the Maryland Square Parties from and against any and all claims, losses, damages, attorney fees, judgments and settlement expenses incurred, or to be incurred, in this action.

141.     As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

142.     Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

. . .

. . .

. . .

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**THIRD CAUSE OF ACTION**
**(Declaratory Relief Against All Third Party Defendants)**

143.   Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

144.   A determination of proportionate degree of liability, if any, of the Maryland Square Parties on the one hand and the Third Party Defendants on the other, is necessary to protect the rights of the Maryland Square Parties.

145.   An actual controversy has arisen and now exists relating to the legal rights and duties of the Maryland Square Parties and the Defendants, and each of them, for which the Maryland Square Parties desire a declaration of their rights and indemnification, in which the Maryland Square Parties contend, and the Maryland Square Parties are informed and believe that Third Party Defendants deny the following:

a.   That as between these parties, the responsibility, if any, for the damages claimed by the Plaintiffs rests entirely on the Third Party Defendants;

b.   That as a result, the Third Party Defendants are obligated to fully or partially indemnify the Maryland Square Parties for sums that the Maryland Square Parties may be held to pay as a result of any damages, judgments, settlement or other awards recovered against the Maryland Square Parties by the Plaintiffs or by any Federal or State entity as a result of the alleged toxic chemical contamination identified in the Plaintiffs' Complaint; and

c.   The Maryland Square Parties are informed and believe that the Third Party Defendants deny any such liability.

146.   The Maryland Square Parties are entitled to, and hereby request, a judicial determination of the Maryland Square Parties' rights, indemnification and contribution, and a declaration that the Third Party Defendants and/or others and not the Maryland Square Parties, are liable for all the costs incurred, and to be incurred to remove, clean up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Plaintiffs' properties.

147.   As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

. . .

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

148.    Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

## FOURTH CAUSE OF ACTION
### (Negligence Against All Third Party Defendants)

149.    Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

150.    The Maryland Square Parties are informed and believe, and thereon allege, that Third Party Defendants allowed sudden and accidental releases of PCE to occur that may have contributed to the plume alleged by the Plaintiffs.

151.    These sudden and accidental releases of PCE and other hazardous materials occurred during the operations of the Third Party Defendants.

152.    Third Party Defendants had a duty to take reasonable steps not to contribute to the release of contamination to the environment.

153.    Third Party Defendants had a duty to reasonably use or ensure the reasonable use of their properties to avoid the release of contamination to the environment.

154.    Third Party Defendants breached their duty by negligently causing, permitting and/or contributing to contamination resulting from the operations of its tenants.

155.    As a direct and proximate result of Third Party Defendants' negligence, the Maryland Square Parties have suffered damages.    Among other items, the Third Party Defendants have incurred response costs to characterize the properties.

156.    As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

157.    Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore

M&A:04385-043 1013026_1.DOC 3/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those

2   reasonable attorney fees and costs incurred herein.

3

### FIFTH CAUSE OF ACTION
4   **(Nuisance Against All Third Party Defendants)**

5       158.    Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as

6   though fully set forth herein.

7       159.    Third Party Defendants' use of their property was unreasonable, unwarrantable or

8   unlawful.

9       160.    Third Party Defendants used their properties and caused substantial and

10  unreasonable interference with the Third Party Plaintiffs' use and enjoyment of its property.

11      161.    Third Party Defendants' use of their property may have caused substantial and

12  unreasonable interference with the use and enjoyment of property by homeowners in the vicinity

13  of the PCE plume.

14      162.    As a direct and proximate cause of the Third Party Defendants' actions, the NDEP

15  alleges damage has occurred and the Maryland Square Parties have been damaged.

16      163.    Third Party Plaintiffs have been required to engage the services of an attorney in

17  these proceedings and have incurred attorney fees that were a reasonable foreseeable

18  consequence and a necessary and proximate result of the conduct alleged above and therefore

19  Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those

20  reasonable attorney fees and costs incurred herein.

21

### SIXTH CAUSE OF ACTION
22  **(Express Indemnity against Shapiro Defendants)**

23      164.    The Maryland Square Parties repeat and reallege each and every allegation as

24  stated above, and incorporates the same by reference as though fully set forth herein.

25      165.    The damages, if any, alleged by the NDEP are a direct and proximate result, in

26  whole or in part, of the acts and/or omissions of the Shapiro Defendants.

27  . . .

28  . . .

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

166.    Pursuant to the terms of the 1968 lease and the 1982 lease, the Maryland Square Parties have a right of indemnification from the Shapiro Defendants for any and all claims arising from the actions of the Shapiro Defendants.

167.    The Maryland Square Parties have been harmed by the conduct of the Shapiro Defendants.

168.    The Maryland Square Parties face possible liability for the NDEP's claims arising from the Shapiro Defendants' conduct.

169.    The Maryland Square Parties are entitled to indemnity from the Shapiro Defendants based on the terms and conditions of the 1968 lease and the 1982 lease.

170.    As a direct and proximate result of the Shapiro Defendants' conduct, the Maryland Square Parties have been damaged an amount in excess of $10,000.00 plus interest thereon.

171.    As a direct and proximate result of the aforementioned acts, it became necessary for the Maryland Square Parties to retain attorneys to represent them in this action and therefore are entitled to reimbursement for reasonable attorneys fees and costs.

WHEREFORE, Third Party Plaintiffs pray as follows:

1.    For an award of damages in excess of $10,000;

2.    For reasonable attorney's fees, costs, expert costs, and expenses, pursuant to statutory law, common law, and contract law to prosecute this third party complaint;

3.    For equitable and/or express indemnity for all damages and/or economic losses paid by Third Party Plaintiffs to plaintiff in the main action to resolve this suit;

4.    For prejudgment interest;

5.    For an appointment of liability among the Third Party Defendants, and each of them;

6.    For a declaration of rights and obligations between Third Party Plaintiffs and Third Party Defendants regarding Third Party Plaintiffs' rights of indemnification.

7.    For a declaration of rights and obligations between Third Party Plaintiffs and Third Party Defendants regarding Third Party Plaintiffs' rights of defending the main action;

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

8.      For contribution pursuant to NRS 17.225; and

9.      For such other and further relief as this Court may deem just, equitable and proper.

DATED:  This 29th day of March, 2010.

Respectfully submitted by:

MARQUIS & AURBACH

By:/s/ Jason M. Gerber_____
          JASON M. GERBER, ESQ.
          Nevada Bar No. 9812
          10001 Park Run Drive
          Las Vegas, Nevada 89145

          DONGELL LAWRENCE FINNEY LLP
          MICHAEL C. HETEY, ESQ.
          mhetey@dlflawyers.com
          Nevada Bar No. 5668
          RICHARD A. DONGELL, ESQ.
          (Pro Hac Vice)
          THOMAS F. VANDENBURG, ESQ.
          (Pro Hac Vice)
          MICHAEL E. GALLAGHER, ESQ.
          (Pro Hac Vice)
          2300 West Sahara Ave., Suite 800
          Las Vegas, NV 89102
          Phone:  (702) 856-4558
          Attorneys for Defendants
          Maryland Square Shopping Center, LLC,
          the Herman Kishner Trust dba Maryland Square
          Shopping Center, Irwin Kishner, Jerry Engel,
          Bank of America, as Trustees for The Herman
          Kishner Trust, and Maryland Square, LLC

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

**NOTICE OF ELECTRONIC SERVICE**
**PROOF OF SERVICE**

STATE OF NEVADA, COUNTY OF CLARK

I am employed in the County of Clark, State of Nevada.  I am over the age of 18 and not a party to the within action; my business address is 10001 Park Run Drive, Las Vegas, NV 89145.

On March 29, 2010, the foregoing documents described as MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, AND MARYLAND SQUARE, LLC'S THIRD PARTY COMPLAINT was served upon the parties in this action as set forth below:

Catherine Cortez Masto, Esq.
William Frey, Esq.
100 N. Carson Street
Carson City, NV  89701
Attorney for Plaintiff

Jeremy Gilman, Esq.
BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
*Attorney for Defendants MELVIN SHAPIRO, Individually, and SHAPIRO BROS. INVESTMENT CO., a dissolved Nevada corporation*

[ X ]   Electronically in accordance with United States District Court of the District of Nevada Electronic Filing Procedures, Section IV Service, B. Electronic Service.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 29, 2010, at Las Vegas, Nevada.  Under penalty of perjury under the laws of the State of Nevada I declare the aforesaid to be true and correct.


Roxanne Minnick
An Employee of Marquis & Aurbach

M&A:04385-043 1013026_1.DOC 3/29/2010 2:47 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816